BERRY v. NO. 1465 BROADWAY CO.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. PRINCIPAL AND AGENT (§ 122*)—EXISTENCE OF AGENCY—EVIDENCE—ADMISSIBILITY.

A declaration of an agent is inadmissible to prove his authority as agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 416–419; Dec. Dig. § 122.*]

2. PRINCIPAL AND AGENT (§ 103*)—AUTHORITY OF AGENT.

A real estate agent with authority to rent premises and collect the rent has no implied authority to cancel a lease executed by a corporation under its seal and stipulating that it may be modified by an instrument in writing signed by an officer of the corporation and under its seal.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 103.*]

Appeal from Trial Term, New York County.

Action by Rose Berry against the No. 1465 Broadway Company. From a judgment for plaintiff entered on a directed verdict, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

George E. Morgan, for appellant.
Michael Schaap, for respondent.

MILLER, J. On the 19th of October, 1909, the plaintiff's assignor and the defendant entered into an agreement in writing under seal, whereby the latter agreed to lease to the former the basement floor of a building, about to be erected, for a term of years to begin 30 days after the delivery of the leased premises, and to end on the 1st day of September, 1921. Pursuant to the terms of the lease, the lessee paid $5,000 upon its execution. The lease provided that it could be modified and changed only by an instrument in writing, signed by an officer of the defendant and under its corporate seal. One Moses Greenwood, Jr., of the firm of Greenwood & Co., real estate agents, conducted the negotiations on behalf of the defendant leading to the making of the lease, and it may be inferred that he had authority on behalf of the defendant to rent the premises and collect the rents. On the 4th day of March, 1910, he wrote the lessee, saying:

"I regret to have to advise you that we must cancel your lease for the basement of the Heidelberg building because of your failure to comply with the terms of the lease."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Treating that letter as a breach by the defendant of its contract, the plaintiff brought this action. At the close of the evidence, upon motions made by both sides, the court directed a verdict for the plaintiff for the sum of $5,000 and interest.

There is no proof whatever in the record of the authority of the said Greenwood to bind the defendant by a cancellation of the lease, unless it be inferred from the facts hereinbefore stated. By their letterhead, the firm of Greenwood & Co. styled themselves "Managers" of the defendant, but there is no evidence that the defendant had knowledge of that.

[1] It was at most a mere declaration of the agent, and it is unnecessary to cite authority upon the proposition that the declarations of an agent cannot be received to prove his authority.

[2] The question, in a nutshell, is whether a real estate agent, having authority to rent premises and collect the rents, has implied authority to cancel such an unusual lease as the one in question here. Authority to cancel a contract cannot necessarily be implied from authority to make it. The written contract in this case was executed by an officer of the defendant, who may have been quite willing to confer authority upon the said Greenwood to conduct the negotiations, leading up to the making of the contract, without being willing or intending to clothe him with authority to cancel a contract which the defendant itself had executed. The defendant was careful to provide that the contract executed by it under seal could be modified only in like manner, and, while modification is not the same as cancellation, the latter is the more extreme measure. The trial court evidently assumed that the agent was the general manager, but as we have seen, there was no evidence to justify that conclusion.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.